UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

v.                                                      CASE NO.  4:15-cv-525

HENDERSON DEVELOPMENT &
DESIGN, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Southern-Owners Insurance Company ("Plaintiff"), sues Defendant, Henderson Development & Design, LLC ("Henderson"), and alleges as follows:

### Jurisdiction and Venue

1. This is a civil action in which the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff is a corporation incorporated, and with its principal place of business located, in the State of Michigan. Plaintiff is therefore a citizen of Michigan for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

3. Defendant is a limited liability company whose members are citizens of the State of Florida. Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c).

4. The district court accordingly has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this dispute occurred in this judicial district.

## General Allegations

6.  Plaintiff is an insurer authorized to provide workers' compensation and employer liability insurance in the State of Florida.

7.  Defendant is a construction and design firm that provides construction and professional design services to its clients.

8.  On or about October 7, 2013, Plaintiff issued a workers' compensation and employers' liability insurance policy (policy number 131722 78114473) ("Policy") to Defendant for a coverage period of September 24, 2013, through September 24, 2014 (the "Policy Period").

9.  Defendant's employees were covered by the Policy and provided a benefit by Plaintiff.

10. The Policy is a valid and binding contract between Plaintiff and Defendant.

11. A true and correct copy of the Policy is attached hereto as Exhibit A.

12. Pursuant to the Policy, Plaintiff provided Defendant and its employees with certain coverages throughout the Policy Period and otherwise performed in compliance with all material terms and requirements of the Policy.

13. In accordance with the Policy, Defendant was obligated to remit estimated premium payments to Plaintiff, subject to a final audit by Plaintiff to determine the total premium owed.

14. The Policy provides that:

> The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis as the proper classifications and rates that lawfully apply to the business and work covered by the policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

*See* **Exhibit A** at p. 17.

15. The Policy further provides that Defendant is obligated to make certain documentation available for examination by Plaintiff so that the final audit can be completed. In pertinent part, the Policy requires Defendant to:

> . . . let us [Southern-Owners] examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audit during regular business hours during the policy period and within three years after the policy period ends. Information developed by the audit will be used to determine the final premium. . . .

*Id*. at p. 11.

16. After the Policy Period expired, Plaintiff conducted an audit of Defendant to determine the final premium owed.

17. Specifically, on or about November 5, 2014, an Underwriting Field Service Representative ("Auditor") for Plaintiff conducted an on-site audit of Defendant. At that time, the Auditor interviewed Mr. Tim Henderson, a member and principal of the Defendant, and Mr. Henderson provided the Auditor with a set of accounting records and books which were represented to be the materials needed for the audit ("Henderson Audit Materials").

18. During the audit process, however, Plaintiff learned that the Henderson Audit Materials were materially false and intentionally omitted some of Defendant's employees and subcontractors so that the payroll paid to those employees and subcontractors would not be shown to Plaintiff. Defendant tendered the Henderson Audit Materials to Plaintiff with full knowledge and intent that Plaintiff would rely on them, in whole or in part, to determine the final premium owed.

19. In fact, after the November 5, 2014 on-site audit, Plaintiff was provided with a "second" set of accounting records that more accurately reflected Defendant's payroll (the "Correct Audit Materials"). A review of the Henderson Audit Materials and the Correct Audit Materials confirms that Defendant intentionally and purposefully concealed its payroll costs in an attempt to reduce the final premium owed pursuant to the Policy.

20. The payroll revealed by Plaintiff's audits of Defendant's accounting records results in an additional premium of $102,386.00 due under the Policy.

21. Plaintiff accordingly billed Defendant for the additional premium of $102,386.00 due under the Policy. Thereafter, Plaintiff sent a final demand for payment of the overdue sums on August 13, 2015.

22. Despite Plaintiff's demands, Defendant has failed or refused to pay the additional, earned premium now due and payable under the Policy.

23. All conditions precedent to bringing this action have been satisfied by Plaintiff or waived.

24. Plaintiff has retained undersigned counsel to represent it in this litigation and has agreed to pay its reasonable attorney's fees.

### COUNT ONE – BREACH OF CONTRACT

25. Plaintiff restates and realleges the allegations set forth in paragraphs 1-24 above as if fully set forth herein.

26. This count is a breach of contract action against Defendant.

27. Defendant's failure or refusal to tender complete payment of the additional premium due is a substantial, material breach of the Policy.

28. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including but not limited to, the additional premium owed, prejudgment interest and Plaintiff's attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant Henderson for damages, attorney's fees, prejudgment interest, costs and such other relief as may be necessary and proper.

### COUNT TWO – STATUTORY CLAIM FOR PENALTY PURSUANT TO SECTION 440.381, FLORIDA STATUTES

29. Plaintiff restates and realleges the allegations set forth in paragraphs 1-24 and 27-28 above as if fully set forth herein.

30. Section 440.381, Florida Statutes, provides that employers and policyholders (like Defendant) who understate or conceal payroll are subject to a penalty of ten (10) times the difference between the payments for coverage and the final premium owed.

31. Section 440.381, Florida Statutes, further provides an insurer with the right to recover its reasonable attorney's fees for prosecuting the penalty and collecting sums owed by the policyholder and employer.

32. By and through its actions as alleged herein, Defendant is now obligated to remit a statutory penalty to Plaintiff of ten (10) times the difference between Defendant's payment of the estimated premium and the final premium owed.

WHEREFORE, Plaintiff demands judgment against Defendant Henderson for a statutory penalty of ten (10) times the difference between the payment of an estimated premium and the final premium owed, along with Plaintiff's attorney's fees, costs, and such other relief as may be necessary and proper.

## **COUNT THREE – UNJUST ENRICHMENT**

33. Plaintiff restates and realleges the allegations set forth in paragraphs 1-24 above as if fully set forth herein.

34. This is a claim for unjust enrichment which Plaintiff alleges in the alternative.

35. Defendant was required to obtain workers' compensation insurance benefits and coverage for its employees pursuant to Chapter 440, Florida Statutes.

36. Plaintiff provided such workers' compensation insurance benefits and coverage to Defendant's employees at the request and on behalf of Defendant for the Policy Period.

37. Defendant voluntarily accepted and retained the benefits of Plaintiff's provision of workers' compensation insurance coverage to Defendant's employees.

38.     Defendant has not compensated Plaintiff for the fair value of the services provided and Defendant has thus been unjustly enriched.

39.     It would be inequitable for Defendant to retain its unjustly enriched benefits and not pay fair value to Plaintiff for the services provided.

WHEREFORE, Plaintiff demands judgment against Defendant Henderson for damages, prejudgment interest, costs and such other relief as may be necessary and proper.

/s/ Angela D. Miles
CHRISTOPHER B. LUNNY (Fla. Bar #0008982)
E-mail:  clunny@radeylaw.com
ANGELA D. MILES (Fla. Bar #72495)
Email: amiles@radeylaw.com
Secondary E-mail: cdemeo@radeylaw.com
The Radey Law Firm
301 South Bronough Street, Suite 200
Tallahassee, Florida  32301
Telephone:  (850)425-6654
Facsimile:   (850) 425-6694

**COUNSEL FOR PLAINTIFF,
SOUTHERN-OWNERS INSURANCE
COMPANY**